IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

LUIS JOSE DIAZ GONZALEZ,      )
                                        )
       Petitioner,             )
                                          )     No. 2:26-cv-02486-TLP-atc
v.                                )
                                          )
CHRISTOPHER BULLOCK,      )
                                        )
       Respondent.         )

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

Pro se Petitioner Luis Jose Diaz Gonzalez, a noncitizen detained in the West Tennessee Detention Facility in Mason, Tennessee since April 2026, petitions for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (ECF No. 1.) The Court ordered Respondent to show cause why the Writ should not be granted. (ECF No. 10.) Respondent responded. (ECF No. 13.) Petitioner replied.[1] (ECF No. 14.) And for the reasons below, the Court **GRANTS** the Petition.

### BACKGROUND

Petitioner, a Venezuelan citizen, entered the United States in April 2023 and "applied for admission" at the Paso Del Norte Port of Entry. (ECF No. 13-1 at PageID 145.) The Department of Homeland Security ("DHS") then "paroled him into the United States" and served him with a Notice to Appear ("NTA"). (*Id.*) The NTA charges Petitioner with being "an

---

[1] Petitioner filed an "Emergency Motion for Immediate Release or in the Alternative for Immediate Bond Hearing" the same day. (ECF No. 15.) Because the Court is granting his Petition, it **DENIES** that Motion as **MOOT**.

1

immigrant not in possession of . . . valid entry document[s] required by the Immigration and Nationality Act." (*Id.*)

On January 6, 2026, the Madison County Police Department ("MCPD") arrested Petitioner for domestic violence and vandalism. (ECF No. 13-2 at PageID 150.) And about three weeks later, the MCPD notified U.S. Immigrations and Customs Enforcement ("ICE") that it had Petitioner in custody and that he "would be ready for pickup" in early April. (*Id.*) ICE took Petitioner into custody on April 7, 2026. (*Id.*) He has remained in ICE custody at the West Tennessee Detention Center in Mason, Tennessee ever since. (ECF No. 13 at PageID 141.)

Petitioner alleges that DHS and the Executive Office of Immigration Review ("EOIR") have not provided him a bond hearing. (*See generally* ECF No. 1.) Instead, DHS and EOIR determined that he is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A), a change from the decades-long practice of affording noncitizens in Petitioner's position with bond hearings before their removal proceedings. *See Lopez-Campos v. Raycraft*, -- F.4th --, No. 25-1965, 2026 WL 1283891, at *6 (6th Cir. May 11, 2026). Petitioner alleges that his detention under § 1225(b) violates his Fifth Amendment right to due process and, construing his pro se filing liberally, violates Immigration and Nationality Act. (ECF No. 1 at PageID 3.) He asks the Court to grant the Petition and order an immediate bond hearing before an Immigration Judge or order his immediate release. (*Id.* at PageID 4.)

## **ANALYSIS**

On May 11, 2026, a divided Sixth Circuit panel issued its decision in *Lopez-Campos v. Raycraft*, affirming that a noncitizen who has spent "significant time . . . within the interior of the United States," and who has not committed an offense rendering them ineligible under § 1226(c), may not be detained without an individualized bond hearing. 2026 WL 1283891, at *13. The

majority reasoned that the "text, canons, and past practice" of § 1225 and § 1226 support this conclusion. *Id.* at *6. "To hold otherwise would subject long-term law-abiding residents in the United States, such as Petitioners, to the hardship of mandatory detention without due process." *Id.* at *13.

Respondent argues that Petitioner is subject to "mandatory detention under § 1225" because he "applied for admission into the United States" and thus remains an "arriving alien." (ECF No. 13 at PageID 141.) But as courts in this district, including this one, have rejected similar arguments before. As one court explained: "§ 1225's title describes 'arriving aliens' who are placed into 'expedited removal' proceedings. But [the petitioner] was not 'arriving' when he was detained far away from the United States border, after having been in this country for more than two years." *Hernandez v. Ladwig*, No. 2:26-cv-02081-SHL-atc, 2026 WL 324020, at *6 (W.D. Tenn. Feb. 6, 2026). The Court finds no compelling reason to stray from this reasoning now.

At any rate, Respondent acknowledges that *Lopez-Campos* "controls the outcome of this matter" if the Court finds Petitioner not to be an arriving alien.[2] (ECF No. 13 at PageID 142.) So Respondent asks the Court to order that Petitioner receive a bond hearing "within 10 business days, and if that does not occur, Petitioner should be released from custody." (*Id.* at PageID 132.) The Court agrees with that remedy given (1) Petitioner's underlying criminal charges here and (2) his continued request for an "immediate bond hearing." (*See* ECF No. 1 at PageID 4; ECF No. 14 at PageID 156.) And so the Court **GRANTS** the Petition.

---

[2] Even still, Respondent argues that the Court should require Petitioner to exhaust his administrative remedies before ruling on the Petition. (ECF No. 13 at PageID 142.) The Court has rejected this same argument countless times and need not re-explain its reasoning. *See, e.g.*, *Urrutia-Diaz v. Ladwig*, No. 25-3098, 2025 WL 3689158, at *3–4 (W.D. Tenn. Feb. 13, 2026).

## CONCLUSION

For the reasons above, the Court **GRANTS** the Petition and **ORDERS** Respondent provide Petitioner a bond hearing within **ten (10) days** of entry of this order.  And if that does not occur, Respondent shall release Petitioner.

**SO ORDERED**, this 3rd day of June, 2026.

 s/ Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE